**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**HULEN PERILLOUX**                                                           **PETITIONER**

**VERSUS**                                      **CIVIL ACTION NO. 1:20-cv-188-LG-MTP**

**WARDEN OF CMCF**                                              **RESPONDENT**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court on the Petition of Hulen Perilloux for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254 and Respondent's Motion to Dismiss [11] pursuant to 28 U.S.C. § 2244(d). Having considered the parties' submissions and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [11] be granted and the Petition [1] be dismissed with prejudice.

**PROCEDURAL HISTORY**

On August 31, 2011, in the Circuit Court of Pearl River County, Mississippi, Petitioner was convicted of three counts of fondling and sentenced to serve fifteen (15) years for each count in the custody of the Mississippi Department of Corrections. *See* ([11-1]). The sentences were to run concurrently. *Id*. Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals. On December 11, 2012, the court of appeals, in a written opinion, affirmed the trial court's judgment. *See Perilloux v. State*, 113 So. 3d 603 (Miss. Ct. App. 2012), *reh'g denied*, May 21, 2013 (Cause No. 2011-KA-014505-COA); ([11-2]). Petitioner filed a motion for rehearing, which was denied on May 21, 2013. ([11-3]).

Petitioner did not timely file a petition for writ of certiorari in the Mississippi Supreme Court, and his conviction became final on June 5, 2013, after the fourteen (14) day period to seek

further review from the state court expired. *See* Miss. R. App. P. 17(b). Petitioner filed an application for post-conviction relief on March 19, 2015, challenging his convictions and sentences which was denied by the Mississippi Supreme Court on May 6, 2015. ([11-4]).

Petitioner filed a motion for writ of certiorari on June 10, 2016 which was dismissed by the Mississippi Supreme Court as untimely on August 4, 2016. ([11-3]). He has also filed multiple applications for post-conviction relief all of which were filed and signed well-after the one-year statute of limitations for federal habeas review. *See* ([11-4] [11-6] [11-10]); 28 U.S.C. § 2244(d)(2).

On March 26, 2020, Petitioner filed the instant Petition for Writ of Habeas Corpus [1].[1] Thereafter, Respondent filed a Motion to Dismiss [11] arguing that the Petition should be dismissed as untimely. Petitioner did not respond to the motion and the time for doing so has long since expired.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") specifies that a petitioner seeking federal habeas relief must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003). The Fifth Circuit clarified the law for purposes of determining when a state conviction becomes final pursuant to Section 2244(d)(1)(A) by holding that:

---

[1] The Petition was stamped filed in this Court on April 2, 2020. "Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Petitioner signed the Petition on March 26, 2020. ([1] at 15). Additionally, the envelope which contained the Petition indicates that it was delivered to prison officials on March 26, 2020. ([1-2]). Weighing all doubts in Petitioner's favor, the undersigned will use the earlier date of March 26, 2020, as the date Petitioner "filed" his Petition.

> The language of § 2244(d)(1)(A) provides that a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review. We previously held that direct review includes a petition for writ of certiorari to the Supreme Court. Therefore, the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review. We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

On May 21, 2013, the Mississippi Court of Appeals denied Petitioner's motion for rehearing. *See Perilloux*, 113 So. 3d at 603. Petitioner did not timely file a petition for writ of certiorari in accordance with Mississippi Rules of Appellate Procedure Rule 17. His conviction became final on June 5, 2013, fourteen (14) days after his petition for rehearing was denied. *See* Miss. R. App. P. 17(b). The statute of limitations began to run on that date.

Petitioner was required to file his federal habeas petition by June 5, 2014, unless he is entitled to statutory and/or equitable tolling. 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his Petition [1] on March 26, 2020, more than six (6) years after the judgment became final.

**Statutory Tolling**

Whether tolling occurred during the period between the judgment becoming final on June 5, 2013, and Petitioner filing his federal Petition on March 26, 2020, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or collateral review" remains pending. As previously stated, Petitioner signed his application for leave to file a motion for post-conviction collateral relief on March 19, 2015. ([12-8]). By the time Petitioner signed this application, the time for filing a federal habeas petition had expired.

3

Thus, the application for leave to file a motion for post-conviction collateral relief did not toll the limitation period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until after the limitation period expired); *Baldwin v. Parker*, 2006 WL 3858896, at*3 (S.D. Miss. Dec. 28, 2006). Accordingly, Petitioner does not benefit from statutory tolling under § 2244(d), and his federal habeas filing deadline remained June 5, 2014.

**Equitable Tolling**

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in § 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson*, 184 F.3d 510, 513 (5th Cir. 1999). Additionally, in order to establish that he is entitled to equitable tolling, Petitioner must demonstrate "that he has been pursuing his rights diligently…." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Courts should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811). Petitioner, however, bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Petitioner makes no argument for equitable tolling[2] and nothing in the record indicates the presence of rare and exceptional circumstances warranting equitable tolling. Accordingly, Petitioner is not entitled to equitable tolling.

## CONCLUSION

Petitioner's state court conviction became final on June 5, 2013. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), Petitioner was required to file his federal habeas petition by June 5, 2014. Petitioner filed his Petition [1] on March 26, 2020, more than six years after the deadline. Petitioner has failed to establish that he is entitled to statutory or equitable tolling. Accordingly, he cannot avoid the statutory bar of § 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that Respondent's Motion to Dismiss [11] be GRANTED and that the Petition for Writ of Habeas Corpus [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party,

---

[2] Petitioner failed to respond to the Motion to Dismiss [11] and provided no explanation in his Petition [1]. ([1] at 14).

except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 12th day of November, 2020.

s/ Michael T. Parker<br>United States Magistrate Judge